IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

HAROLD PRICE, Plaintiff

v.

CITY OF BROKEN ARROW, OKLA. a
municipal corporation

MICHAEL SPURGEON, City Manager,
in his individual capacity, and in his official
capacity

KENNETH SCHWAB, Assistant
city manager, in his individual capacity

DEBRA WIMPEE, Mayor and City Council
Member, in her individual capacity

CRAIG THURMOND, Former Mayor and
City Council Member, in his individual
capacity

CHRISTI GILLESPIE, Vice Mayer and
City Council Member, in her individual
capacity

SCOTT EUDEY, City Council Member,
in his individual capacity

JOHNNIE PARKS, Member at Large and
City Council Member, in his individual capacity

BOBBY JOE LAFAVER, PATRICIA LAFAVER
State Actor, Conspiracy, Section 1985 of Title 42 in
their individual capacity

JENNIFER HOOKS, City Managers Office
Manager, in her individual capacity

FILED

DEC 2 8 2023

BONNIE HACKLER
Clerk, U.S. District Court
By_____
Deputy Clerk

CASE NO. CIV 2 3 - 4 3 7 - R A W
JURY TRIAL DEMANDED

Page 1

JOE WILLFORD, City field inspector, in his individual capacity

JEREMY MOORE, City Fire Chief, in his individual capacity

BRANDON BERRYHILL, City Police Chief, in his individual capacity

JILL FERENC, City Plannng and Zoning, in her individual capacity

## COMPLAINT

Plaintiff Harold Price  (within this document will be known as Plaintiff's) hereby states their claims for relief against Defendant's, City of Broken Arrow, Okla. a municipal corporation, Michael Spurgeon, Kenneth Schwab, Debra Wimpee, Craig Thurmond, Christi Gillespie, Scott Eudey, Johnnie Parks, Bobby Joe Lafaver and Patricia Lafaver, Joe Williford, Jeremy Moore, Brandon Berryhill, Jennifer Hooks, Jill Ferenc (within this document will be known as Defendant's) and for causes of action against the above named Defendant's states the following facts:

### INTRODUCTORY STATEMENT

1. On February 5, 1953 a residential subdivision plat was approved and recorded in Wagoner County, Oklahoma known as Couch Addition along with restrictions to control the use of said Couch Addition.

2. The City of Broken Arrow annexed Couch Addition on October 6, 1986 and kept the

assigned zoning from Wagoner County as AGRICULTURAL. There were homes on some of the properties and only one building that failed to conform to the proper zoning.

3. The City of Broken Arrow used as its authority to annex State Statute 11-21-103, that Statute contains a process and a procedure along with requirement for capital improvements to be completed within a10 year time frame. If the capital improvements were not completed within that 10 year time, the annexation failed and the property was to be returned to the county. Statute 11-21-103 forbids the annexation of property serving no municipal purpose other than to establish statutory or adjacentness, or to capture territory within the area to be annexed, constitutes an impersmissible exercise of state-delegated authority by a municipality and shall be prohibited.

4. In 1996 ten years after annexation the city had failed to provide a sanitary sewer system to the annexed property and there is no sanitary sewer to this day for Couch Addition, more then 30 years after annexation.

5. However, the city did not return the property to the county so that proper capital improvements could be provided, but instead began to allow property owners to sell their properties to parties that had no desire to follow the State Zoning requirements through the municipal process.

6. The City of Broken Arrow had always considered itself as a Tulsa County City and therefore used Couch Addition as a dumping ground for undesirable activity because it was located in Wagoner County. Tulsa County would never allow undesirable activity.

7. City Ordinance 1427, dated Oct. 6, 1986 stated as follows: "After the effective date of this ordinance, all property located therein, and all persons residing or otherwise

Page 3

occupying the land shall be subject to the jurisdiction of this City and all laws made
pursuant thereto."

8. City Ordinance 1991 dated May 20, 1996 the City declared a change of **the adjoining
property to Plaintiff's property** for Couch Addition to I-L industrial light. In violation
of Oklahoma Statute 11-43-102. Requiring all zoning to be the same throughout each
district.  The City Administration made every attempt to cover the failed annexation.

9. During this 1996 time frame by letter dated May 6, 1996 the City approved a boat
storage and fiberglass boat repair facility. That move was in direct violation of the new
"light Industrial" zoning applied to Couch Addition by the City Council. As the light
industrial zoning clearly states that there is to be no airborne emissions, odor, smoke,
vibration, noise and all activity must be in an enclosed building. The current owner of the
fiberglass shop has never been approved for anything, just purchased from the previous
owner and moved his business into the facility.

10. The City has a habit of failure to visit the location. There are no boats in storage at
the facility and no repair to boats at the facility. The owner of the business never
recognized the authority of the City and immediately started a full fiberglass
manufacturing facility that could only qualify for the Heavy Industrial classification. The
Oklahoma Tax Commission Site Permit Number 356171776 has this facility as a
MANUFACTURER, Industry Code 327212 and 313311, City Code 7304. The business
Web page has the business listed as a MANUFACTURING facility. The fiberglass shop
owner has placed a 40 foot high vent stack in the rear of the building, no permits from
any agency in violation of State Statute requiring a penalty of 10,000 dollars per day for
violation, no enforcement by the city. Statute 27A-2-5-117    Page 4

11. The City is required by State Statute 11-43-102 to only change the zoning by full sections not by ownership of property, that activity was required by the State Statute in order to avoid an inharmonious land use pattern. Thereby avoiding a violation of adjoining landowners Constitutionally Guaranteed Citizenship Rights. In Seminole 2004 O.K. 60, 102 P.3d 120 the court noted that the primary judicial function in reviewing municipal annexations is to determine "whether the city has exercised its annexation power in a reasonable manner and in compliance with the standards of state law."

12. Plaintiff has supplied the proper State Requirement to the City through their complaint line "SEE QUICK FIX" and through direct email to each defendant and appearance at city council meetings and numerous meetings with administration officials. My last meeting was with Defendant Kenneth Schwab on May 5, 2021 where He again confirmed that the city will not enforce the city zoning codes.

13. The City answer to all the City errors is in a letter that Plaintiff received from the City Planning & Development Manager dated April 9, 2021 suggesting that it would be to Plaintiff's advantage to change Plaintiff's property zoning to Industrial Light the same zoning classification that Ken Schwab stated that the city would not enforce the zoning ordinance.

14. All Defendant's having knowledge that there was significant errors of the Defendant's decision making process and violations of judgment in the city council's decision to pass into law all administration motions without consideration of adjoining property owners Constitutional Rights, yet in a shameful display of cronyism run amok the Defendant's turned a blind eye to the violations of the Cities own policies and the

Page 5

United States Constitution. Resulting in violation of Plaintiff's Civil Rights.

15. The city enacts an ordinance zoning the parcel within a light industrial area which includes residences. A prior covenant more restrictive than a subsequent zoning ordinance and the courts have been almost unanimous in holding the covenant to control. There is only one constitutional ground upon which the courts could and should rest. That property may not be taken for a public purpose without payment of compensation. Here it is apparent that the entire value of the covenant has been destroyed, that it has no reasonable purpose left, and therefore, compensation would be mandatory. A court, then, would be correct in ruling such an ordinance, as in this case , to be unconstitutional taking. Violation of fifth amendment to the U.S. Constitution.

16. Plaintiff purchased their property without knowledge that the home had an illegal fiberglass shop as the adjoining property. Purchased through a real estate agent, the property was described as being in a residential subdivision, "Couch Addition" Lot 16, Block 2 with controlling restrictions.

17. Plaintiff had every right to believe that the controlling laws of the city were being honored and that the fiberglass shop should have never been allowed to operate within the boundaries of the residential subdivision as the fiberglass shop emits deadly toxic waste in the manufacturing  process in the form of gas odor and deadly glass dust being emitted through an illegal vent stack and through open doors and windows facing Plaintiff's property.

18. Section 16-58 of the cities own regulations state as follows: "It shall be unlawful and a class B offense for any person to detrimentally use another's property without the

Page 6

owner's consent or to wrongfully interfere with the use of any public or private property

by the owner or the person entitled to its use."

## PARTIES, JURISDICTION AND VENUE

=====================================

19. Plaintiff, Harold Price  is a resident of Wagoner County, Oklahoma, City of Broken

Arrow. The causes of action in this matter are based on violations of Plaintiff's rights

under the Bill of Rights amendments 1, 3, 4, 5, 8, 9,  and amendments to the U.S.

Constitution amendments 13, and 14, 42 U.S.C1985, 42 U.S.C.1986, 42 U.S.C. 1983 and

Oklahoma Law, 60-802, 60-803, 60-804 and Title 50.

## ABUSE OF PROCESS FOR RETALIATORY PURPOSE, OBSTRUCTION OF JUSTICE

20. Defendant Michael Spurgeon (City Manager) a citizen of Oklahoma, was at all times

relevant, responsible for creating, adopting, approving, ratifying, an enforcing the rules,

regulations, policies, practices, procedures, and/or customs that violated Plaintiff's rights

as set forth in this Complaint. Defendant Spurgeon is sued in his individual capacity and

his official capacity..

(1) The conduct complained of was committed by MICHAEL SPURGEON, acting under

color of law.

(2) The conduct deprived the plaintiff of rights , privileges, or immunities secured by the

Constitution or laws of the United States.

(3) Michael Spurgeon as chief administrator must approve the action of all departments

as to there legality before the departmental action is presented to the city council to be

passed into law. Defendant Spurgeon ignored the guaranteed Constitutional Rights of

citizens and allowed actions to be passed into law that violated those rights.

(4) Arrogant attitude towards this citizen as expressed in an email sent by defendant Spurgeon for asking the city administration to enforce the city ordinances.

21. Defendant Kenneth Schwab (Asst. City Manager) a citizen of Oklahoma, Mr. Schwab was at all times relevant hereto, acting under color of state law, and in the scope of his employment as an employee of the city.

(1) The conduct complained of was committed by KENNETH SCHWAB, acting under color of state law.

(2) The conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

(3) Defendant Kenneth Schwab as asst. city manager worked in concert with defendant Michael Spurgeon and after several meetings with defendant Schwab, plaintiff Harold and Patricia Price were told that he, defendant Schwab was aware of the violations of codes that could have protected plaintiff's if enforced, but he specking for the City of Broken Arrow would not enforce said zoning violations in addition to other ordinances that could have protected plaintiff's.

22. Defendant Debra Wimpee (Mayor and Council Member) is a citizen of Oklahoma. D. Wimpee was at all times relevant, acting under color of state law, as a member of the city council.

(1) Factual allegations supporting the existence of a conspiracy and the concerted action conspirators.

(2) The conduct complained of was committed by Debra Wimpee and co-defendant Michael Spurgeon acting under color of state law.          Page 8

(3) The conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

(4) Debra Wimpee as a member of the city council failed to examine and guarantee that actions of the City administration did not violate the Constitutional guarantees of citizens prior to being passed into law. The legality of those actions were never questioned by defendant Wimpee.

23. Defendant Craig Thurmond (Former Mayor and Council Member) is a citizen of Oklahoma. C. Thurmond was at all times relevant, acting under color of state law and as council member.

(1) Factual allegations supporting the existence of a conspiracy and the concerted action of Craig Thurmond with defendant Michael Spurgeon and non-defendant co-conspirators

(2) The conduct complained of was committed by Craig Thurmond and co-defendant Michael Spurgeon acting under color of state law.

(3) The conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

(4) Craig Thurmond as a member of the city council failed to examine and guarantee that actions of the city administration did not violate the Constitutional guarantees of citizens prior to being passed into law. The legality of those actions were never questioned by defendant Thurmond.

24. Defendant Christi Gillespie (Vice Mayor and Council Member) is a citizen of Oklahoma. C. Gillespie was at all times relevant, acting under color of state law and as council member.

(1) Factual allegations supporting the existence of a conspiracy and the concerted action.

of Christi Gillespie with defendant Michael Spurgeon and non-defendant co-conspirators

(2) The conduct complained of was committed by Christi Gillespie and co-defendant

Michael Spurgeon acting under color of state law.

(3) The conduct deprived the plaintiff of rights, privileges, or immunities secured by the

Constitution or laws of the United States.

(4) Christi Gillespie as a member of the city council failed to examine and guarantee that

actions of the city administration did not violate the Constitutional guarantees of citizens

prior to being passed into law. The legality of those actions were never questioned by

defendant Gillespie.

25. Defendant Scott Eudey (Council Member) is a citizen of Oklahoma. S. Eudey was at

all times relevant, acting under color of state law and as council member.

(1) Factual allegations supporting the existence of a conspiracy and the concerted action

of Scott Eudey  with defendant  Michael Spurgeon and non-defendant co-conspirators.

(2) The conduct complained of was committed by Scott Eudey and co-defendant Michael

Spurgeon acting under color of state law.

(3) The conduct deprived the plaintiff of rights, privileges, or immunities secured by the

Constitution or laws of the United States.

(4) Scott Eudey as a member of the city council failed to examine and guarantee that

actions of the city administration did not violate the Constitutional guarantees of citizens

prior to being passed into law. The legality of those actions were never questioned by

defendant Eudey. Page 10

26. Defendant Johnnie Parks (Member at Large and council member) is a citizen of Oklahoma, was at all times relevant, acting under color of state law and as council member.

(1) Factual allegations supporting the existence of a conspiracy and the concerted action of Johnnie Parks with defendant Michael Spurgeon and non-defendant co-conspirators.

(2) The conduct complained of was committed by Johnnie Parks and co-defendant Michael Spurgeon acting under color of state law.

(3) The conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

(4) Johnnie Parks as a member of the city council failed to examine and guarantee that actions of the city administration did not violate the Constitutional guarantees of citizens prior to being passed into law. The legality of those actions were never questioned by defendant Parks.

## RETALIATION FOR PROTECTED ADVOCACY ON BEHALF OF PLAINTIFF'S GUARANTEED CONSTITUTIONAL RIGHTS

27. Defendant Bobby Joe Lafaver and Patricia Lafaver ( State Actor, Conspiracy, Section 1985 of Title 42) both citizens of Oklahoma were at all times relevant, acting under color of law with the City Council and the City Administration.

(1) Factual allegations supporting the existence of a conspiracy and the concerted action of MICHAEL SPURGEON with the defendant Bobby Joe Lafaver and Patricia Lafaver and non-defendant co-conspirators. Mr. Lafaver has admitted that he has never applied for or obtained permits or license to operate a fiberglass business. Mr. Lafaver and Mr.

Spurgeon have assumed that because of the zoning change in 1996 that the fiberglass

shop had gained some kind of entitlement to operate a fiberglass business. In

GONZALES v. STATE of OKLAHOMA and the City of OKLAHOMA CITY Case No.

106788 2010 O.K. Civ. App. 62 The Supreme Court stated that zoning ordinances did not

entitle a license nor did it licensure and did not grant such license. It was found that there

was no "vested right" of continual nonconformance. The high court further stated, "In

this case, however, there is no uncertainty" as to rights, he has none, the fact that a permit

and license were never obtained there is no Legal Standing. THE FIBERGLASS SHOP IS

IN NONCOMPLIANCE it has no legal rights.

(2) The conduct complained of was committed by Michael Spurgeon, Bobby Joe Lafaver

and Patricia Lafaver, acting under color of state law.

(3) The conduct deprived the plaintiff of rights, privileges, or immunities secured by the

 Constitution or Laws of the United States.

(4) Defendant's Bobby Joe LaFaver and Patricia LaFaver, doing business as LaFaver

Fiberglass continued to emit their deadly toxic waste, as a result of the fiberglass process

that were emitted into Plaintiff's yard through open doors and windows and a illegal vent

tube that towered 40 feet high. After being advised that Defendants LaFaver's were

causing harm to Plaintiff's, Defendant's LaFaver's along with above named officials of

the City of Broken Arrow continued to pollute Plaintiff's property. That action results in

a violation of Plaintiff's Constitutional rights amendments 1, 3, 4, 5, 8, 9, 13 and 14.

28. Defendant Jennifer Hooks (City Managers Office Manager) is a citizen of Oklahoma

was at all times relevant, acting under color of state law and as Office Manager.

(1) Termination of First Amendment Rights          Page 12

(2) The conduct complained of was committed by defendant Jennifer Hooks acting under color of state law.

(3) The conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

29.  Defendant Joe Williford (Field Agent) is a citizen of Oklahoma was at all times relevant, acting under color of law and as Field Agent.

(1) Falsified documents to justify the use of an illegal vent in violation of State and Federal codes against pollution of the air.

(2) The conduct complained of was committed by defendant Joe Williford acting under color of state law.

(3) The conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

30. Defendant Jeremy Moore ( Fire Chief) is a citizen of Oklahoma was at all times relevant, acting under color of law and as Fire Chief.

(1) Jeremy Moore as Fire Chief is responsible for "hazardous materials mitigation at the operations level, and Rescue technician level".

(2) The conduct complained of was committed by defendant Jeremy Moore acting under color of state law.

(3) The failure of defendant Jeremy Moore to perform his duty deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

31. Defendant Brandon Berryhill (Police Chief) is a citizen of Oklahoma was at all times
Page 13

relevant, acting under color of law and as Police Chief.

(1) Brandon Berryhill as Police Chief is under direct control of the State Legislature, Statute 11-34-102 requires the police chief to enforce all municipal ordinances.

(2) The conduct complained of was committed by defendant Brandon Berryhill and defendant Michael Spurgeon in creating a code enforcement department that did not honor State Statute 11-34-102 that if honored could have protected plaintiffs.

(3) The conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

32. Defendant Jill Ferenc (Planning and Zoning) is a citizen of Oklahoma was at all times relevant, acting under color of State law and as Planning Director.

(1) Jill Ferenc as head of Planning and Zoning, failed in her duties as mandated by State Statutes to follow a Comprehensive plan- "To promote health an the general welfare including the peace and quality of life in the district."

(2) The conduct complained of was committed by defendant Jill Ferenc acting under color of State law.

(3) The conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

**THE ABOVE NAMED DEFENDANTS FAILED TO UNDERSTAND THAT CIVIL RIGHTS INCLUDE THE ENSURING OF PEOPLE'S PHYSICAL AND MENTAL INTEGRITY, LIFE AND SAFETY.**

33. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1343 to secure protection of and to redress deprivations of rights secured by the Fourth, Fifth and

Fourteenth Amendments to the United States Constitution as enforced by 42 U.S.C.

1983, which provides for the protection of all persons in their civil rights and the redress

of deprivation of rights under color of law.

34. The jurisdiction of this Court is also invoked under 28 U.S.C. 1331 to resolve a

controversy arising under the Constitution and laws of the United States, particularly the

Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42

U.S.C. 1983.

35. This Court has supplemental jurisdiction over the state law claims asserted herein

pursuant to 28 U.S.C. 1367, since the claims form part of the same controversy arising

under the United States Constitution and federal law.

36. Venue is proper under 28 U.S.C. 1391 (b) because a substantial part of the events or

omissions giving rise to Plaintiff's claims occurred in this District.


## STATEMENT OF FACTS`

37. Paragraphs 1 thru 36 are incorporated herein by reference.

**Enter the City of Broken Arrow**

38. Plaintiff made contact with a Mr. Michael Skates of the City of Broken Arrow, who

claimed to be the head of code enforcement for the city and that all enforcement personal

answered to him. May of 2015 Mr. Skates invited Plaintiff into his office where He told

Plaintiff that He had already cleared a zoning violation vary much like my complaint and

He was under the impression that He could resolve my complaint.

39. Plaintiff received a letter from Mr. Skates instructing plaintiff to contact an

Oklahoma City Official who would be able to help with plaintiff's problem. Plaintiff

reached out to suggested official and was never contacted in return.

40. Plaintiff contacted Mr. Skates who no longer had the desire to help with a zoning

violation.

**City of Broken Arrow Legal Status**

41. Municipalities are public corporations created by the State legislature for political

purposes, with political powers, to be exercised for purpose related to the public good, in

administration of civil government. Municipalities are instruments of government subject

at all times to the control of the legislature with respect to their duration, powers, rights

and property. River Walk Apts., LLC v. Twigg, 396 Md. 527 (Md. 2007)

   A local government is said to have an unconstitutional policy when it fails to train its

employees, and the failure to train amounts to deliberate indifference to an obvious need

for such training and the failure to train will likely result in the employee making a

wrong decision. An unconstitutional policy may also exist if an isolated action of a

government employee is dictated by a "final policymaker," or if the authorized

policymaker approves a subordinate's decision and the basis for it.

**Beginning of acknowledged Conspiracy between Defendant Bobby Joe Lafaver and**
**the City Administration Section 1985 of Title 42, Section 1986 of Title 42**

42. Received copy of letter dated May 20, 2015 from the city to Defendant Lafaver from

a Russell Gray stating that the city checked his property for noxious odors and that if He

processed ten tons of materials that He must be permitted. Double standard letter. Letter makes no sense, states that there was an inspection, but if He reached a higher level permits would be required. How much toxic odor between inspection and higher level?

**Defendant Lafaver in violation of Constitutionally Guaranteed rights of Plaintiff and zoning ordinance of the City of Broken Arrow**

43. City of Broken Arrow Zoning Code reads as follows: The zoning code is a local law prescribing how and for what purpose each parcel of land in a community may be used. Its purpose is to maintain conformity and segregation of the various land uses. For example, industrial use is not compatible with residential use because of the inherent and obvious dangers associated with industrial activities. Many times, industrial uses include manufacturing with chemicals and materials that would endanger the inhabitants of residentially zoned property. Likewise, a salvage yard full of dismantled vehicles is not compatible with residential living. Because of the obvious differences in the various land uses, the City of Broken Arrow has adopted a comprehensive plan and zoning code to protect and safeguard the community. When someone violates the zoning code (for example, a patio cover built over a designated building line setback), the City Neighborhood Improvement Section (formerly Code Enforcement) will respond to complaints an work to bring the offending property into compliance with the code. Typical actions include issuing criminal citations for non-compliance.

44. Plaintiff then contacted legal aid of Oklahoma who arranged a mediation agreement with Defendant Bobby Joe Lafaver that He would vent his fiberglass shop away from Plaintiff's property. That agreement dated May 21, 2015.  Defendant Lafaver failed to

honor the mediation agreement. In addition Defendant Lafaver refused to honor

Oklahoma Air Space Act 60-802 thru 804, which clearly states that the air above

Plaintiff's property belongs to the property owner subject to the same laws as the real

property.

**City of Broken Arrow Conspiracy with Defendant Bobby Joe Lafaver**

45. City of Broken Arrow has a public duty to enforce city ordinance. In addition their

duty is mandatory because the State Legislature as specified that duty. Failure to perform

that duty has created a special injury or right, or substantial interest which for some

citizens will be detrimentally affected in a manner different from the citizenry at large. A

violation of a zoning ordinance can give rise to a nuisance per se (which is an act,

occupation, or structure which is a nuisance at all times and under any circumstances).

46. City of Broken Arrow by its agents Defendant Michael Spurgeon and Kenneth

Schwab have refused to enforce the City Zoning of **Manufacturing Light.**

47.City of Broken Arrow Zoning Code   **Manufacturing Light**

   An establishment engaged in the manufacture, predominantly from previously

prepared materials, of finished products or parts, including processing, fabrication,

assembly, treatment, and packaging of such products, but excluding basic industrial

processing. The manufacture, assembly, research, or processing of products and goods

occurs entirely within an enclosed structure requiring no outdoor industrial wastewater

treatment system and producing no airborne emissions, objectionable noise, glare, odor,

vibrations, smoke or dust associated with the industrial operation.

48. Defendants have all failed in their oath of office to abide by the Constitution of the

State of Oklahoma and the U.S. Constitution. In the case of Defendant Bobby Joe Lafaver ignorance of the law is not a protection from 42 U.S.C. 1983, 1985, 1986. The continued attitude of ignoring the Constitutional rights of follow citizens has created a combative atmosphere within the failed district. Those that are legally on the land and those that are in violation of all City Ordinance, State Statutes concerning pollution and Federal regulation controlling business.

**The Court should resolve controversy arising under the Constitution and laws of the United States, particularly the 1st, 3rd 4th, 5th, 8th, 9th  13th and 14 Amendments to**

**the United States Constitution and 42 U.S.C. 1983, 42 U.S.C. 1985, 42 USC 1986.**

49. Defendant, Michael Spurgeon only answers to the City Council as such Defendant Spurgeon acts as a dictator government only passing into law projects that have his approval. The final say for any project or in this case an evasion of positive duty, as to amount to a virtual refusal to perform the duty enjoined, or to act at all, in contemplation of law, Defendant Spurgeon acted arbitrarily or capriciously in denying the request for

enforcement of its zoning code and the city council's decision to take no action was an abuse of discretion an arbitrary and capricious. E-mail dated May 1, 2020 Defendant Spurgeon stated hat he would no longer communicate with this Citizen. A violation of Plaintiff's 1st amendment rights.

50. The City of Broken Arrow has a long history of lawless behavior as a Federal Judge in a lawsuit filed by U.S. Cellular against the City of Broken Arrow in 2003, that judge stated that the city administration was in anarchy and the City Council went along with

that level of lawlessness. Egregious government activity favors the few and ignores the

citizens right to redress of grievances. There is no equal treatment or due process as the

dictator government ignores all State Constitutional control. Mr. Spurgeon fails to

recognize the authority of the State Constitution and the U.S. Constitution, thus the City

Administration does not make decisions based in law. All decisions coming from the city

administration and passed into law by the city council are arbitrary and capricious.

51. As City Manager Mr. Spurgeon was the final policymaker for the City of Broken

Arrow, whatever Mr. Spurgeon recommended to the City Council was automatically

passed into law by the City Council.

52. The knowing violation of policies constitutes deliberate indifference to the Fourth

Amendment rights of the public, including Plaintiff.

**Special Treatment, an Atmosphere of Intimidation and the Falsification of the Cities
Version of Matters of Fact That Cannot  be denied.**

53. Additional preferential treatment was given to business violators, it made no

difference to Mr. Spurgeon that his action or lack of action violated citizen civil rights.

Mr. Spurgeon continues to create a hostile environment as his policies of obstruction of

justice have turned neighbor against neighbor as each fears that there way of life under

this administration could be altered without notice. The combining of a mixed zoning

package of residential and heavy industrial is simply not a workable combination.

54. Mr. Spurgeon inexcusably reckless in performing his duty to supervise the City of

Broken Arrow Administration. His policies have had a negative influence upon the entire

city that shows itself in lack of respect for citizen rights.

## CAUSES OF ACTION

**PLAINTIFF HAS BEEN DENIED HIS CONSTITUTIONALLY**

**PROTECTED GUARANTEED RIGHTS UNDER AMENDMENTS**

**1,3,4, 5, 8, 9,  13&14 of the United States Constitution**

**and Federal law 42 U.S.C. 1983, 42 U.S.C. 1985, 42 U.S.C.1986**

55. Paragraphs1-54 are incorporated herein by reference.

56. At the time of the complained events Plaintiff's were free persons, had a clearly established constitutional right under the above mentioned amendments  that Plaintiff's guaranteed Constitutional Right to expect that the City Administration and City Council would respect and honor those Constitutional Rights. That did not happen.

57. The above defendants exercise an arbitrary and capricious form of government so onerous or burdensome that they effected an uncompensated taking of property contrary to the Fifth and Fourteenth Amendments

58 As a direct proximate result of the unlawful conduct, Plaintiff's suffered, mental and physical pain and suffering and other damages and losses caused directly by the operation of the illegal fiberglass shop owned by Defendant Bobby Joe Lafaver releasing deadly toxic waste into Plaintiff's property displacing the breathable air with toxic fumes with the full knowledge of all Defendants in this case. Plaintiff's are entitled to recover compensatory and special damages in amounts to be determined at trial.

59. Plaintiff's are entitled to punitive damages on claims brought pursuant to 42 U.S.C.

Page 21

1983 as Defendant's conduct, acts and omissions alleged herein constitute reckless or callous indifference to Plaintiff's federally protected rights.

**DELIBERATE INDIFFERENCE TO POSSIBLE MEDICAL NEEDS CAUSED BY THE LOSS OF BREATHABLE AIR 8th and 14th AMENDMENT 42 USC 1983**

60. Paragraphs 1 -59 are incorporated herein by reference.

61. It is well-established that the Federal Government has passed the Clean Air Act that all local governments are required to enforce. Acting under color of State Law City Officers may be held liable for being deliberately indifferent to a citizens serious concerns about the loss of Citizenship Rights. The U.S. Supreme Court has ruled that the loss of Citizenship Rights is a violation of the 8th Amendment which is more cruel then physical pain.

Oklahoma Statute 27A-2-5-117 Civil actions- Injunctions-Abatement-Civil penalties. Primary authority and responsibility for prosecution under the Oklahoma Clean Air Act rest with the Broken Arrow District Attorney, yet nothing was done to protect citizens from the violation of the requirements of said Statute.

62. The Defendant's exacerbated Plaintiff's injuries and pain and suffering in deliberate indifference to possible emergent medical needs by their decision to intimidate Plaintiff's to accept the status quo. Each time that the City was contacted to help Plaintiff's the City Official's sided with the polluting business. Stating that they could smell the deadly odor but that they could not or would not intervene.

63. As a direct proximate result of these Defendant's deliberate indifference, Plaintiff's unnecessarily suffered prolonged exacerbated mental and physical pain and suffering and

other damages and losses as described herein entitling Plaintiff to recover compensatory

and special damages in amounts to be determined at trial.

64. Plaintiff's are entitled to punitive damages on claims brought pursuant to 42 USC

1983 as Defendant's conduct, acts and omissions alleged herein constitute reckless or

callous indifference to Plaintiff's federally protected rights

### SUPERVISOR LIABILITY 42 U.S.C. 1983, MICHAEL SPURGEON, CITY MANAGER

65. Paragraphs 1 thru 64 are incorporated herein by reference.

66.There is an affirmative link between the aforementioned policies, practices and /or

customs which Defendant M. Spurgeon promulgated, created, implemented and/or

possessed responsibility for.


67. Title 11-34-102  Oklahoma Statutes The chief of police of a municipality shall be a

peace officer and shall enforce the municipal ordinances. Michael Spurgeon created a

code enforcement division primarily manned by Defendant Kenneth Schwab and

Defendant Joe Williford. Both Mr. Schwab and Mr. Williford refused to enforce State

Law and Municipal Ordinances that would have protected Plaintiff's from the abuse of

the loss of breathable air. A violation of Title 11-34-102.

68. 42 U.S. Code 7401 (3) Air pollution prevention and control is the primary

responsibility of local governments. Michael Spurgeon and staff failed to enforce said

U.S. Code creating additional stress upon Plaintiff's for the loss of breathable air.

69. Defendant M. Spurgeon knew and/or it was obvious that the maintenance of the

aforementioned  policies, practices and/or customs posed an excessive risk to the health

and safety of citizens.

70. Oklahoma Statute 11-43-107, authorities of the municipality are required to institute appropriate action to prevent any unlawful use and to abate any violation....Said Statute has been ignored by Defendant Michael Spurgeon and Staff.

71. Defendant M. Spurgeon disregarded the known and/or obvious risks to the health and safety of citizens.

72. The United States Supreme Court has ruled that employees must be trained in the Constitutional requirements in order to avoid violations.

73. M. Spurgeon, City Manager utterly failed to properly train City employees, the training was inadequate. City employees exceeded State authority and Constitutional limitations. The inadequate training demonstrates a deliberate indifference on the part of M. Spurgeon toward persons with whom officials come into contact and there is a direct causal link between the constitutional deprivation and the inadequate training.

74. M. Spurgeon failed to adequately supervise City employees. There was a known lack of training and enhanced risks to the public, which amounts to deliberate indifference to the federal rights of persons with whom city officials come into contact. Further, there is a direct causal link between the constitutional deprivation and the  inadequate supervision.

75. M. Spurgeon knowingly failed to enforce policies necessary to the safety of citizens showing a deliberate indifference to their constitutional rights.

76. There is an affirmative link between the unconstitutional acts of his subordinates and Defendant's M. Spurgeon's adoption and/or maintenance of the aforementioned policies,

practices and/or customs.

77. As a direct and proximate result of the aforementioned policies, practices and/or customs, Plaintiff's have suffered a loss of constitutional guaranteed rights.

78. Plaintiff is entitled to punitive damages on claims brought against M. Spurgeon in his individual capacity as his conduct, acts and omissions alleged herein constitute reckless or callous indifference to Plaintiff's federally protected rights.

WHEREFORE, based on the foregoing, Plaintiff prays this Court grant the relief sought, including but not limited to actual and punitive damages in excess of Seventy-Five Thousand Dollars (75,000.00), with interest accruing from the date of filing suit, the costs to bring this action, along with such other relief as is deemed just and equitable.

Respectfully Submitted,

Harold Price, Plaintiff Pro Se

19951 Old Hwy 51  Cell 702-278-0284

Broken Arrow, Oklahoma 74014