**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **HAROLD PRICE,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 23-CIV-437-RAW** |
| | ) | |
| **CITY OF BROKEN ARROW, et al.,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the court is the motion of the defendants to strike plaintiff's petition. This action commenced with the filing of plaintiff's pro se complaint (#2) on December 28, 2023. Defendant City of Broken Arrow filed a motion to dismiss or for more definite statement (#38) on January 23, 2024. Two separate joinders (##39 & 41) were filed by individual defendants, all represented by the same counsel as City of Broken Arrow. A separate motion to dismiss (#45) was filed by the defendants Estate of Bobby Joe Lafaver and Patricia Lafaver on January 26, 2024*.

On January 24, 2024, the court entered an order (#43) inviting plaintiff to amend his compliant in response to the pending motions. On February 1, 2024, plaintiff expressly declined to amend his complaint (#49). On April 5, 2024, plaintiff filed (without leave of

---

*The Lafaver defendants are represented by counsel distinct from the counsel representing the other defendants. The present motion is also filed on behalf of the non-Lafaver defendants.

court) what he titled a "petition" (#55),  In turn, the non-Lafaver defendants filed the present

motion.  Plaintiff has not responded to the present motion.

Rule 15(a)(1) F.R.Cv.P. provides that a party may amend its pleading once as a matter

of course but sets forth time limits in which to do so.  Those time limits have passed.

Therefore, the court finds applicable Rule 15(a)(2), which requires the opposing party's

written consent, or the court's leave.  Plaintiff did not obtain either.  The Tenth Circuit insists

"that pro se parties follow the same rules of procedure that govern other litigants." *Garrett*

*v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005).

"While striking a pleading is generally disfavored, the Tenth Circuit affirms that

'normally a court need not grant leave to amend when a party fails to file a formal motion.'"

*Ali v. Sam's West Inc.,* 2023 WL 8531750, *2 (D.Colo.2023)(quoting *Calderon v. Kansas*

*Dep't of Soc. & Rehab. Servs.,* 181 F.3d 1180, 1186 (10th Cir.1999).  Plaintiff filed no such

formal motion.

As stated, the present motion was not filed on behalf of the Lafever defendants and

they have not sought to join the motion.  Nevertheless, the proper resolution of the motion

is so clear that the petition will be stricken as to all defendants.

It is the order of the court that the motion (#56) of the defendants to strike plaintiff's petition (#55) is hereby granted. The petition shall not be physically removed from the record but will be considered a nullity. The original complaint (#2) is the operative complaint in this matter. The pending dispositive motions shall be addressed in due course.

**ORDERED THIS 1st DAY OF JULY, 2024.**

Ronald a. White

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

3