IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **HAROLD PRICE,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 23-CIV-437-RAW |
| | ) | |
| **CITY OF BROKEN ARROW, et al.,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the court is the motion of the City of Broken Arrow to dismiss, or in the alternative for more definite statement. The basis of the motion is not the usual one under Rule 12(b)(6) F.R.Cv.P., i.e., insufficient allegations to state a plausible claim. Rather, the motion argues that the plaintiff's complaint (#2) is violative of Rule 8(a)(2) in its *prolixity*. Motions to dismiss have been granted on that basis. *See, e.g., Frazier v. Ortiz,* 2007 WL 10765 (10th Cir.2007). Upon review, this court is not persuaded that plaintiff's complaint falls into this category. While lengthy (25 pages) and diffuse, the complaint sets forth that the City and others violated zoning codes and allowed the LaFever defendants to set up a fiberglass operation which "emits deadly toxic waste in the manufacturing process," thereby diminishing the value of plaintiff's property.

Moreover, "we recognize that pro se litigants may be hard pressed to conform to Rule

8(a)'s requirement of brevity while attempting to provide the defendant fair notice. Consequently, we give pro se litigants greater leeway by construing their pleadings liberally and holding them to less stringent standards than lawyers." *Toevs v. Reid,* 267 Fed.Appx. 817, 819 (10th Cir.2008).

This is not to say there remain no hurdles in plaintiff's path.  In a companion order, the court has granted the motion to dismiss of the LaFaver defendants.  From the complaint, it appears that the existence of the LaFaver's fiberglass operation is the linchpin of the present lawsuit.  That is, plaintiff contends that the conduct of the non-LaFaver defendants resulted in damages *caused* by the LaFaver fiberglass operation.  The basis of that order was claim preclusion and issue preclusion, which have not been asserted by the non-LaFaver defendants.  Nevertheless, should the case proceed to summary judgment stage, the non-Lafaver defendants would be entitled to submit the decision of the Oklahoma Court of Civil Appeals (#45-3), essentially finding that the plaintiff suffered no damages from the fiberglass operation.  At this time, the case should proceed to that stage as plaintiff may seek to claim other damages not related to the fiberglass operation.

Although not raised by the movants, the court also notes that the Tenth Circuit holds that "zoning law is a uniquely local concern with which '[f]ederal courts should be reluctant to interfere.'" *Mountain States Media, LLC v. Adams County, Colo.,* 389 Fed.Appx. 829, 838 (10th Cir.2010)(quoting *Norton v. Vill. of Corrales,* 103 F.3d 928, 933 (10th Cir.1996)).  In

other words, plaintiff may wish to consider if he wishes to proceed at all, in light of the companion order. Nevertheless, the motion to dismiss is denied on the basis asserted.

Finally, the court does grant in part the motion for more definite statement, on the basis that the complaint (in one aspect) is too vague or ambiguous. Plaintiff has alleged a conspiracy among the defendants. Despite the length of his complaint, he does not describe this in more than conclusory fashion. In this regard, the Tenth Circuit holds that it is particularly important that the complaint "make clear *who* is alleged to have done *what* to *whom* to provide each individual with fair notice as to the basis of the claims against him or her." *Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir.2013). Solely on this basis, the defendants' alternative motion for more definite statement will be granted pursuant to Rule 12(e).

It is the order of the court that the motion of the City of Broken Arrow (#38), joined by other defendants (#39), is hereby denied as to dismissal but granted as to more definite statement. Plaintiff shall file, in the form of an amended complaint, a more definite statement as to his conspiracy allegations, providing sufficient facts and conduct as to provide fair notice to each individual non-LaFaver defendant, on or before August 5, 2024. Failure to do so may result in dismissal without prejudice of the non-LaFaver defendants.

**ORDERED THIS 24th DAY OF JULY, 2024.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma