IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HAROLD PRICE, | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 23-CIV-437-RAW |
| CITY OF BROKEN ARROW, et al., | ) |
| **Defendants.** | ) |

# ORDER

Before the court is the motion of the LaFaver defendants to dismiss. Plaintiff's response (#45) to pending motions to dismiss does not directly address the pertinent argument made in the present motion. Plaintiff's *pro se* complaint broadly contends that the City of Broken Arrow and various city officials have failed to implement proper zoning classifications and have failed to compel compliance regarding zoning violations. Under the allegations, the damage caused by the aforementioned conduct is to allow the LaFaver defendants to operate a boat storage and fiberglass boat repair facility in close proximity to plaintiff's house, resulting in pollution and loss of property value.

In the Tenth Circuit, *res judicata* now comprises two distinct doctrines regarding the preclusive effect of prior litigation. *See Boulter v. Nobel Energy, Inc.,* 2024 WL 1526289 n.1 (10th Cir.2024). The first doctrine, issue preclusion, precludes a party from re-litigating

an issue an issue *actually decided* in a prior case, while the second doctrine, claim preclusion, prevents parties from raising issues that *could have been raised and decided* in a prior action. *Id.* "To avoid conflating these two doctrines, our decisions generally refer to claim preclusion as 'res judicata' and issue preclusion as 'collateral estoppel.'" *Id.*

Defendants point to an unpublished opinion by the Oklahoma Court of Civil Appeals issued April 14, 2023. (#45-3). Plaintiffs Harold Price and Patricia A. Price sued defendants LaFaver Fiberglass Corporation and Bobby Joe LaFaver in state court (Wagoner County) regarding the fiberglass operation. The trial court granted summary judgment in the defendants' favor. On appeal, the Court of Civil Appeals affirmed. The Supreme Court of Oklahoma denied certiorari (*Id.* at page 14 of 14 in CM/ECF pagination).[1]

Under the Full Faith and Credit statute, 28 U.S.C. §1738, a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give. *Parsons Steel, Inc. v. First Alabama Bank,* 474 U.S. 518, 523 (1986). In other words, the preclusive effect of a state-court decision in a §1983 action filed in federal court is a matter of state law. *Jarrett v. Gramling,* 841 F.2d 354, 356 (10th Cir.1988).

Under Oklahoma law, (similar to the Tenth Circuit standard quoted above) the preclusion doctrine consists of two precepts. Claim preclusion, or *res judicata*, teaches that

---

[1] A district court may consider matters outside the pleadings, without converting a motion to dismiss to a motion for summary judgment, when the matters outside the pleadings consist of "facts which are a matter of public record." *Tal v. Hogan,* 453 F.3d 1244 n.24 (10th Cir.2006); *Int'l Courier, Inc. v. Smoak,* 441 F.3d 214, 216 (4th Cir.2006)("When entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact.").

a final judgment on the merits of an action precludes the parties from re-litigating not only the adjudicated claim, but also any theories or issues that were actually decided, or could have been decided, in that action. *See State ex rel. Dept. of Transp. v. Little,* 100 P.3d 707 n.47 (Okla.2004). Issue preclusion, or collateral estoppel, instructs that once a court has decided an issue of fact or law necessary to its judgment, the same parties or their privies may not re-litigate that issue in a suit brought upon a different claim. *Id.*

The elements of claim preclusion are (1) identity of subject matter and the parties or their privies in the prior litigation; (2) a court of competent jurisdiction heard the prior litigation; and (3) the judgment rendered in the prior litigation was a judgment on the merits of the case. *See Robinson v. Texhoma Limestone, Inc.,* 100 P.3d 673 n.11 (Okla.2004). The elements of issue preclusion are (1) the party against whom it is being asserted was either a party to or a privy of a party to the prior action. (2) the issue subject to preclusion was actually adjudicated in the prior case; (3) the adjudicated issue was necessary and essential to the outcome of the prior case; and (4) the party against whom it is interposed had a full and fair opportunity to litigate the claim or critical issue. *Durham v. McDonald's Rest. of Okla., Inc.,* 256 P.3d 64, 66-67 (Okla.2011).

As stated, the opinion of the Oklahoma Court of Civil Appeals indicates that plaintiffs Harold Price and Patricia A. Price brought suit against defendants LaFaver Fiberglass Corporation and Bobby Joe LaFaver in Wagoner County.[2] Plaintiffs argued that defendants'

---

[2]The present action names the Estate of Bobby Joe LaFaver as defendant.

fiberglass operation constituted a nuisance. (#45-3 at 2). He alleged claims for negligence, negligence *per se,* and breach of an earlier mediation agreement. *Id.* At one point, the court noted: "The gist of Prices' response, and all of their pleadings, is they are bothered by LaFaver's operation, they believe LaFaver is polluting and pollution is regulated, and the regulating bodies must be conspiring with LaFaver to ignore Prices' complaints." *Id.* at 4 n.3. Such a summary would apply to much of the plaintiff's allegations before this court.

The Court of Civil Appeals upheld the trial court's ruling, finding "LaFaver's fiberglass operation has been investigated numerous times, at Prices' request, and has not been found to be in violation of any regulation or laws. Prices' annoyance or frustration about LaFaver's operation does not make it unlawful, and the nuisance statute plainly requires the act or omission to be unlawful." *Id.* at 10-11. "Nor is there evidence in the record creating a question whether LaFaver unlawfully omitted to perform any duty in its operation of its business." *Id.* at 11. "Prices have not presented evidence creating a question of fact on whether LaFaver breached any duty that it owed to Prices." *Id.*

Defendants' motion appears to argue for issue preclusion (#45 at 5-6). The court finds those elements have been proven, and therefore plaintiff's claim regarding alleged pollution and nuisance from the fiberglass operation are barred by that doctrine. In the complaint before this court, however, plaintiff appears to also be asserting <u>constitutional</u> claims and a possible conspiracy to achieve such violations. (#2 at 11-15). The Court of Civil Appeals did not dispose of such claims on the merits. It did note, however, that plaintiffs raised such

4

issues in their appellate briefing. The Court of Civil Appeals declined to address them as they were not first decided by the trial court. *Id.* at 8.

This court finds that such claims are also subject to dismissal, because defendants have also established the elements of claim preclusion.[3] As stated, that doctrine bars re-litigation of issues that were actually decided, *or could have been decided*, in the prior action. Plaintiff did not assert constitutional claims in state court until the reached the appellate court, and he may not do so now.[4]

Plaintiff was given the opportunity to amend his complaint and he declined to do so. (#49). He also did not respond to the present motion.[5] Nevertheless, the court has carefully considered the motion and has been mindful that a *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). The court is persuaded the motion should be granted for the reasons stated above.

---

[3] Harold Price was a plaintiff in the prior action and he is the sole plaintiff in the present action. Claim preclusion bars a subsequent action involving either the same plaintiffs or parties in privity with those plaintiffs from asserting claims that were, or could have been raised in a prior action that resulted in an adjudication on the merits. *Bank of New York v. First Millenium Inc.,* 607 F.3d 905, 918 (2d Cir.2010).

[4] Federal and state courts have concurrent jurisdiction in §1983 actions. *Carter v. City of Emporia, Kan.,* 815 F.2d 617, 621 (10th Cir.1987).

[5] Plaintiff filed a general response to pending motions to dismiss (#47), but did not address the substance of the present motion.

It is the order of the court that the motion of the LaFaver defendants to dismiss (#45) is hereby granted. Estate of Bobby Joe LaFaver and Patricia LaFaver are dismissed as defendants.

**ORDERED THIS 24th DAY OF JULY, 2024.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**